# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2980

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Izell Stevens, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 3, 2011
Filed: February 8, 2011

_____

Before WOLLMAN, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Izell Stevens directly appeals the sentence the District Court[1] imposed after he pleaded guilty to a drug offense. He entered his guilty plea pursuant to a written plea agreement containing an appeal waiver, and the District Court sentenced him below the applicable advisory Guidelines range to the statutory minimum term of imprisonment. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence is unreasonable. Stevens

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

has filed a pro se supplemental brief asserting claims of ineffective assistance of counsel, and he has filed two pro se motions in this court.

First, we conclude that Stevens's claims of ineffective assistance of counsel are not appropriate for consideration on direct appeal. See United States v. Looking Cloud, 419 F.3d 781, 788-89 (8th Cir. 2005) (noting that ineffective-assistance claims are generally inappropriate for direct appeal and are better raised in habeas proceedings; court will not consider ineffective-assistance claims on direct appeal except in exceptional cases where district court has developed appropriate record or where result would be plain miscarriage of justice). Further, we conclude that counsel's challenge to the reasonableness of Stevens's sentence is barred by the appeal waiver because the issue is clearly and unambiguously within the scope of the waiver, the record establishes that Stevens knowingly and voluntarily entered into both the plea agreement and the appeal waiver, and enforcement of the appeal waiver would not result in a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (setting forth criteria for enforcing appeal waiver). Finally, we have reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), and we have found no non-frivolous issue beyond the scope of the appeal waiver.

Accordingly, we decline to consider Stevens's ineffective-assistance claims on direct appeal, we dismiss the appeal based upon the appeal waiver, we grant counsel's motion to withdraw, and we deny Stevens's pending motions as moot.

_____